UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**MARLON ORLANDO BLOUNT JR,**
    Plaintiff,

v.

**GADSDEN POLICE DEPT.,** *et al.***,**
    Defendants.

Case No. 4:25-cv-978-CLM

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Marlon Orlando Blount Jr. sues the Gadsden Police Department, the Etowah County Detention Center, the Gadsden Regional Medical Center, Officer Sawyer Phillips, an unnamed nurse, and an unnamed police sergeant. Blount's claims are unclear. He does not plead specific counts, nor does explain what legal theories apply to his claims.

Two Defendants, the Etowah County Detention Center and Officer Phillips (collectively, the "Etowah Defendants"), move to dismiss Blount's claims against them (doc. 6). For the reasons below, the court **GRANTS** the Etowah Defendants' motion. The court **DISMISSES WITHOUT LEAVE TO AMEND** Blount's claims against the Etowah County Detention Center. Further, the court **DISMISSES WITHOUT PREJUDICE** Blount's claims against **all** other Defendants, including those that did not move for dismissal, and gives Blount one chance to replead.

## BACKGROUND

Because Blount is defending against a motion to dismiss, the court takes his pleaded facts as true. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020).

### A.     Blount's Factual Allegations

In December 2024, Gadsden Police Department Officer Skylor Strickland arrested Blount "for fleeing/eluding" police. (Doc. 1-1, p. 3). Blount says that, after his arrest, he was assaulted and placed in handcuffs. Once in custody, Blount was taken to the Etowah County Detention Center for a "breath test." (*Id.*). And once he arrived at the jail, Officer Phillips put "his knee into [Blount's] back and side." (*Id.*).

Some time later, Blount was taken to the Gadsden Regional Medical Center by Officer Strickland and an unnamed sergeant with the Gadsden Police Department. At the hospital, the officers handcuffed Blount to a hospital bed, and the sergeant asked a nurse to "give [Blount] something to shut him up." (*Id.*). The nurse followed the sergeant's instruction and "pulled a needle out." (*Id.*). Blount asked the nurse what he planned to do with the needle, and the nurse replied that he was "about to stick [Blount]" with it. (*Id.*). Blount alleges that Officer Strickland and the sergeant held him down to the hospital bed while the nurse injected Blount with a fluid. (*Id.* at pp. 3-4). Blount repeatedly objected and yelled for help.

A doctor heard Blount's pleas for help and entered the room. Blount informed the doctor that the nurse was injecting him with a fluid against his will, so the doctor ordered the nurse to stop. Blount says that the doctor told the officers that "they couldn't do that to [Blount], it was against [his] will, and that she would … need to … keep [Blount] for about 72 hours." (*Id.* at p. 4). Blount heard the officers tell the doctor that Blount couldn't stay at the hospital. Then Blount passed out. When Blount awoke, he "was standing completely up in Calhoun County booking," unaware of how he got there. (*Id.*).

### B.     Blount's Claims and the Etowah Defendants' Motion to Dismiss

Blount filed this lawsuit in the Circuit Court of Etowah County, Alabama. His complaint includes a "legal claims" section (*see id.* at p. 5), but he does not plead specific counts or explain what legal theories apply

to his claims. Instead, he lists various actions taken by some Defendants and makes vague references to the "excessive force" that was used against him. Below is a snapshot of Blount's "legal claims" section to show what the court means:

> **LEGAL CLAIMS**
>
> ① Sgt. and police officer used Exessive force after plaintiff stated don't want to be injected with needle without being explain the reason why for injection
> ② RN of Gadsden Regional medical Center used neglect knowing plaintiff was been injected against his will
> ③ ETOWAH County Employee used Exessiveforce
> ④ Liable for Employee misconduct
> ⑤ Plaintiff was injected with a needle, against Plaintiff will, which is consist with malpractice
> ⑥ Plaintiff is recieving mental health session due to incident
> ⑦ Plaintiff was still under subduction, when discharged from hospital against medical staff advice
> ⑧ Plaintiff is under emotionally and physically stress
> ⑨ Neglect of Due diligence and misconduct of Police officer and Sgt. of Gadsden Police Department caused medical staff to not perform there duty as medical staff
> ⑩ Threw Audio, Video, of officer bodycam, Gadsden Regional Medical Center Video, Audio, and also most important witness of medical staff, will prove without a doubt neglect of Plaintiff
>
> FILED MAY 19 2025 CASSANDRA "SAM" JOHNSON CIRCUIT COURT CLERK

(*Id.*). Recognizing that Blount was likely trying to plead at least some claims under 42 U.S.C. § 1983, the City of Gadsden (incorrectly identified as the Gadsden Police Department in Blount's complaint) removed the case to this court under federal question jurisdiction, 28 U.S.C. § 1331. (*See* doc. 1). Shortly after, the Gadsden Regional Medical Center and the City of Gadsden answered Blount's complaint (*see* docs. 2, 5). The Etowah Defendants, on the other hand, moved to dismiss (doc. 6).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Because Blount is proceeding pro se, the court must construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed pro se is 'to be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'")).

## DISCUSSION

The court has two independent bases for dismissing Blount's claims: (1) Blount's complaint is an impermissible shotgun pleading, and (2) Blount fails to state a viable claim against the Etowah Defendants. The court will address each basis for dismissal in turn.

### I.  Shotgun Pleading

In their motion to dismiss, the Etowah Defendants ask the court to dismiss Blount's complaint as an impermissible shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint";
> (2) "a complaint that … [is] replete with conclusory, vague, and immaterial facts not obviously connected to         any particular cause of action";

> (3) a complaint that fails to "separate[e] into a different count each cause of action or claim for relief"; and
>
> (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)).

The Etowah Defendants argue that Blount's complaint "is precisely the type of pleading that fails to meet federal standards and should be dismissed for that reason alone." (Doc. 6, p. 4). The court agrees and specifically finds that Blount's complaint falls into categories (3)-(4) of the Eleventh Circuit's prohibited shotgun pleadings.

1. *Different Counts for Each Cause of Action*: To start, Blount's complaint fails to separate "into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23. While Blount includes a "legal claims" section after his factual allegations, he does not identify a cause of action in that section. Indeed, Blount generally fails to identify or separate his claims in any way. "[I]n striking a complaint on shotgun pleadings grounds and affording the plaintiff with another opportunity to file a complaint that passes muster, the District Court should point out the defects in the complaint." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). In Blount's Amended Complaint, he should list each cause of action separately (*e.g.*, Count One: Excessive Force under 42

U.S.C. § 1983; Count Two: Intentional Infliction of Emotional Distress, and so on). Blount should then list each fact that supports each cause of action. To survive Federal Rules of Civil Procedure 8 and 10, Blount must plead each claim so that it's plainly identifiable.

2. *Multiple Defendants*: Blount also fails to assign claims to each Defendant. Throughout Blount's complaint, he periodically uses a Defendant's name in connection to (what he perceives) as wrongful conduct. For example, Blount says on page 2 of his complaint that Officer Phillips put his knee "into [Blount's] back and side as [Blount] layed [sic] on the floor" in handcuffs. (Doc. 1-1, p. 2). But Blount never explains which Defendant he's alleging is responsible for each claim. Blount must plead with enough specificity to put Defendants on notice of the exact claims against them.

—

Blount's complaint exemplifies a shotgun pleading. So the court **GRANTS** the Etowah Defendants' motion under Rules 8 and 10. The other two Defendants who have appeared in this case, Gadsden Regional Medical Center and the City of Gadsden, have not asked the court to dismiss Blount's claims against them. Still, the Eleventh Circuit has instructed district courts to dismiss shotgun pleadings "even if the parties do not request it[.]" *Vibe Micro*, 878 F.3d at 1295. So the court **DISMISSES** Blount's claims against **all** Defendants and gives Blount leave to file an amended complaint that corrects the deficiencies identified above.

## II.    Capacity, Immunity, and Plausibility

While the finding of a shotgun pleading alone warrants dismissal, the court also considers the Etowah Defendants' arguments for dismissal based on capacity, immunity, and plausibility. The court first evaluates the Etowah County Detention Center's capacity to face suit. The court then assesses the immunity afforded to Officer Phillips and the plausibility of Blount's claims against him.

### A.     The Detention Center's Capacity to Face Suit

The Etowah County Detention Center asks the court to dismiss Blount's claims because it isn't a legal entity capable of being sued. (*See* doc. 6, p. 2). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.3d 1210, 1215 (11th Cir. 1992) (citing *White v. Birch*, 582 So.2d 1085, 1087 (Ala. 1991)). And since county jails are operated by county sheriff's departments, it follows that the Etowah County Detention Center also cannot be sued. *See Davis v. Montgy. Cnty. Det. Facility*, 2019 WL 1048842, at *2 (M.D. Ala. Mar. 5, 2019). Because there is no viable claim Blount could bring against the Etowah County Detention Center, the court **DISMISSES** Blount's claims against it **WITHOUT LEAVE TO AMEND**. The court **DIRECTS** the Clerk of Court to remove the Etowah County Detention Center as a party.

### B.     Officer Phillips' Other Defenses

Officer Phillips offers two reasons why Blount's claims against him specifically should be dismissed. First, Officer Phillips contends that Blount fails to state a plausible claim for relief. And second, Officer Phillips says that he's entitled to qualified immunity.

1. *Failure to State a Claim*: For the reasons already discussed in the court's shotgun pleading analysis, the court agrees with Officer Phillips that Blount has failed to state a claim against him. Indeed, it's unclear what Blount alleges that Officer Phillips did, when or where it occurred, or how it violated Blount's constitutional rights. As best the court can tell, Blount only mentions Officer Phillips once in his complaint, where he says that, after his arrest, Officer Phillips placed his "knee into [Blount's] back and side as [Blount] layed [sic] on the floor" in handcuffs. (Doc. 1-1, p. 2). Without more, Blount hasn't stated a plausible claim for relief against Officer Phillips.

It appears to the court that Blount is attempting to state a claim against Officer Phillips in his individual capacity under 42 U.S.C. § 1983 for actions he took after Blount's arrest. Should that be true, Blount must

allege in his amended complaint that (1) he suffered a deprivation of a right, privilege, or immunity protected by the U.S. Constitution or federal law, and (2) the act or omission causing the deprivation was committed by a person acting under color of state law. *See Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994); *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). But because Blount has failed to state a claim so far, the court **DISMISSES** his claims against Officer Phillips **WITHOUT PREJUDICE**. As already discussed, the court grants Blount leave to file an amended complaint that corrects the deficiencies identified above.

    2. *Qualified Immunity*: Officer Phillips also contends that Blount's claims against him should be dismissed because Blount hasn't pleaded facts necessary to overcome qualified immunity. Again, the court agrees. If Blount is attempting to sue Officer Phillips under § 1983, then Officer Phillips may invoke the defense of qualified immunity. Qualified immunity shields law enforcement officers from liability when they are performing a discretionary function unless a plaintiff can allege that (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation. *Bolton v. Wood*, 682 F. Supp. 3d 1304, 1315 (N.D. Ga. 2023) (citing *Whittier v. Kobayashi*, 581 F.3d 1304, 1308 (11th Cir. 2009)).

    Blount fails to allege facts sufficient to overcome Officer Phillips' qualified immunity, so the court **DISMISSES** Blount's claims against Officer Phillips. This dismissal is **WITHOUT PREJUDICE** because Blount could overcome qualified immunity through more specific factual pleading.

—

    Blount should take note of his current pleading deficiencies when amending his complaint. While the court must construe his pleadings liberally given his pro se status, it cannot ignore Rule 8 and 10's requirements. *See Albra v. Advan., Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se

litigants, we nevertheless have required them to conform to procedural rules.").

## CONCLUSION

For the reasons above, the court **GRANTS** the Etowah Defendants' motion to dismiss (doc. 6). The court **DISMISSES WITHOUT LEAVE TO AMEND** Blount's claims against the Etowah County Detention Center and **DIRECTS** the Clerk of Court to remove the Etowah County Detention Center as a party. But the court **DISMISSES WITHOUT PREJUDICE** Blount's claims against **all** other Defendants, including those that did not move for dismissal, and gives Blount one chance to replead. Blount must file his amended complaint on or before **April 3, 2026**. If Blount fails to file an amended complaint by that deadline, then the court may impose appropriate sanctions, including dismissal of Blount's claims with prejudice.

Because the City of Gadsden was incorrectly identified as the Gadsden Police Department in Blount's original complaint (*see* doc. 1, p. 1), the court **DIRECTS** the Clerk of Court to replace the Gadsden Police Department as a defendant with the City of Gadsden. The court further **DIRECTS** the Clerk to send a copy of this order to Blount at his address of record.

**Done** and **Ordered** on March 9, 2026.

*/s/ Corey L. Maze*
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE